# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## DOCKET NO. 3:11-CV-213-FDW-DCK

| | |
|---|---|
| THOMAS GREGORY SANDERLIN and LAURA DENISE BRADSHAW, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ORDER ) |
| HUTCHENS, SENTER & BRITTON, P.A., et al., | ) ) ) ) |
| Defendants. | ) |

THIS MATTER is before the Court on *pro se* Plaintiffs' Verified Complaint and Motion for Temporary Restraining Order ("Motion for TRO") (Doc. No. 1) and Motion to Proceed *in forma pauperis* ("IFP Application") (Doc. No. 2). For the reasons explained below, the Court GRANTS Plaintiffs' IFP Application for the limited purpose of reviewing the Complaint and Motion for TRO. Because this Court lacks subject-matter jurisdiction, the Court DENIES Plaintiffs' Motion for TRO and DISMISSES Plaintiffs' Complaint *sua sponte* against all named Defendants.

**I.      Motion to Proceed *in forma pauperis***

By the instant IFP Application, Plaintiffs Thomas Gregory Sanderlin and his wife, Laura Denise Bradshaw, seek to proceed on their Complaint without having to prepay the costs associated with bringing this action.

In support of this request, Plaintiff Sanderlin has submitted an application which reflects that he has been unemployed for the past 18 months, and provides an accounting of his assets. Plaintiff's monthly bills total over $2,000.00 and Plaintiff contends that he has spent all of his savings, while unemployed, trying to keep his bills current and that he is currently out of money. Plaintiff has three sons under the age of 18 whom rely upon him for support.

Based on the foregoing representations, the Court finds that the Plaintiff does not have sufficient resources from which to pay the $350.00 filing fee for this action. Consequently, the Plaintiff's Application is GRANTED.

## II. Motion for Temporary Restraining Order

Plaintiffs filed suit on May 2, 2011, and in their Verified Complaint moved for a Temporary Restraining Order ("TRO") seeking to enjoin the foreclosure sale of the property at 1335 Spencer Mountain Road, Gastonia, North Carolina, 28054, set to occur on May 4, 2011.

Notably lacking from Plaintiffs' Complaint and Motion for TRO is any allegation of subject matter or personal jurisdiction, aside from a conclusory statement that jurisdiction is proper "[b]ecause of the important Federal Questions involved herein." (Doc. No. 1 at 6); Fed. R. Civ. P. 8(a)(1). Subject-matter jurisdiction involves the Court's power to hear a case and thus the Court has an independent obligation to determine whether it has jurisdiction to consider the merits of a case "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citation omitted). Furthermore, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon [Plaintiffs]." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Specifically, for this Court to have subject matter jurisdiction, Plaintiffs must satisfy the requirement of 28 U.S.C. § 1331, which provides the district courts with jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Alternatively, this Court may have jurisdiction under 28 U.S.C. § 1332, diversity jurisdiction, which provides jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests of costs and is between [] citizens of

different States . . . ." To satisfy this statute, *each* Defendant, including corporations, must be citizens of a different state than Plaintiffs. See, e.g., Exxon Mobil Corp. v. Allapattah Serv., Inc., 545 U.S. 546, 553-54 (2005).

Having reviewed Plaintiffs' Complaint and Motion for TRO, the Court concludes it does not have subject matter jurisdiction to consider Plaintiffs' case and therefore cannot issue the injunction Plaintiffs seek. Although Plaintiffs do not assert subject matter jurisdiction pursuant to a specific statute, Plaintiffs' claims against Defendants arise under state law and do not implicate a federal question, despite Plaintiffs' conclusory allegation to the contrary. Specifically, Plaintiffs allege that Defendants, who have initiated non-judicial foreclosure proceedings against Plaintiffs, are not the real parties in interest to Plaintiffs' mortgage and do not have standing to foreclose. Plaintiffs allege that Defendants "are not the holders of any instrument, note, mortgage or otherwise, that give them authority to engage in or continue the pending sale [sic]." (Compl. ¶ 6). The validity of a mortgage note and deed of trust are issues governed by state law. See, e.g., In re American Appliance, 272 B.R. 587, 596 (Bankr. D.N.J. 2002) (citing Butner v. United States, 440 U.S. 48 (1979)). Likewise, the negotiability of an instrument and holder-in-due-course status are questions of state law. See N.C. Gen. Stat. § 25-3-104, et seq.; Resolution Trust Corp. V. Maplewood Invs., 31 F.3d 1276, 1289 (4th Cir. 1994) (applying Virginia law to determine whether a note is a negotiable instrument).

Although it is well-established that federal courts enjoy federal question jurisdiction over some state law claims, the scope of jurisdiction has been limited to those claims that "'really and substantially involv[e] a dispute or controversy respecting the validity, construction, or effect of [federal] law.'" Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 313 (2005) (quoting Shulthis v. McDougal, 225 U.S. 561, 569 (1912)). Plaintiffs have not asserted any claims that implicate the validity, construction, or effect of federal law. Nor have Plaintiffs alleged any

3

facts from which the Court may infer that the mortgage on Plaintiffs' property is protected by federal statutes such as the Home Ownership Equity Protection Act, 15 U.S.C. § 1639; the Single Family Mortgage Foreclosure Act of 1994, 12 U.S.C. § 3751, et seq.; or the National Housing Act, 12 U.S.C. § 1702, et seq. In short, Plaintiffs have not asserted a federal question and instead only raise state law claims challenging Defendants' standing to foreclose.[1]

Accordingly, this Court may only exercise subject matter jurisdiction over Plaintiffs' cause if the requirements of diversity jurisdiction are satisfied. Although the Complaint contains no allegations regarding the amount in controversy, even assuming the amount exceeds $75,000 as it must, Plaintiffs have not satisfied the complete diversity requirement. Specifically Plaintiffs and Defendant Hutchens, Senter & Britton, P.A. are both citizens of North Carolina. (Doc. No. 1 at 9). Thus, this Court lacks jurisdiction to consider Plaintiffs' state law claims. Exxon Mobil Corp., 545 U.S. at 553-54.

Because this Court lacks subject-matter jurisdiction to consider Plaintiffs' claims, the Court cannot provide Plaintiffs with the injunctive relief it seeks. Despite Plaintiffs' conclusory allegation that the "laws and procedures available . . . in the State of North Carolina miserably fail to provide an adequate judicial remedy" (Doc. No. 1 at 6), Plaintiffs may sue to enjoin the foreclosure sale in state court pursuant to N.C. Gen. Stat. § 45-21.34. Mosler ex rel. Simon v. Druid Hills Land Co., Inc., 681 S.E.2d 456, 458 (N.C. Ct. App. 2009). Accordingly, Plaintiffs' Complaint is DISMISSED. Plaintiffs' Motion for TRO is DENIED for lack of jurisdiction.

---

[1] Plaintiffs allege that "on information and beliefs [sic] . . . the Defendants have distributed an unregistered security in gross violation of the Securities Act of 1933 and Title 18 USC Sec 474 [sic]." (Doc. No. 1 at 6). However, neither of these statutes are applicable and thus are insufficient to invoke subject matter jurisdiction.

### III. Conclusion

IT IS THEREFORE ORDERED:

1) Plaintiffs' Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2) is GRANTED.

2) Plaintiffs' Verified Complaint and Motion for Temporary Restraining Order (Doc. No. 1) is DENIED and DISMISSED for lack of subject matter jurisdiction.

The Clerk is directed to close this case.

IT IS SO ORDERED.

Signed: May 3, 2011

Frank D. Whitney
United States District Judge